THIEL *v.* CERNIN.

5-642                                         276 S. W. 2d 677

Opinion delivered March 28, 1955.

*Richard Mobley,* for appellant.

*Scott & Goodier* and *K. M. Parsley,* for appellee.

J. SEABORN HOLT, J. This is a suit by appellants in which they seek to enjoin appellees from maintaining a nuisance arising from the alleged wrongful use of a broiler house owned and operated by appellees.

The record reflects that the parties are adjoining landowners of two small tracts on the south side of State Highway 22, approximately 8 miles west of Dardanelle. Mr. Cernin's tract contains 26 acres, and that of Mr. Thiel 12 acres lying immediately west of Cernin's land. These purchases were made in order to procure homes for retirement. Thiel acquired his tract in 1949 and Cernin in 1952. February, 1953, Cernin constructed a modern 5,000 capacity broiler house on his property about 30 feet from the separating property line, and about 60 feet from a small house used by Thiel as a guest bedroom and hobby house, and about 170 feet from appellants' residence. Cernin began growing broilers for marketing and six "batches" were produced during a ten months' period. No broilers were produced in December and January.

On a trial, the Chancellor found, after a personal inspection of the premises, that although there were some objectionable odors, to some extent caused by the broiler house, however, considering the location of the properties involved and the nature of the surrounding country, injunctive relief should be denied. This appeal followed.

Appellants say: "There is but one point involved in this appeal: The Chancellor, having found that the broiler house gave off an odor objectionable to appellants on their property, erred in finding that the locality and nature of the surrounding country were such that appellants were not entitled to relief."

Many witnesses, with evident sincerity and conviction, testified for both parties. The evidence is in irreconcilable conflict and appears to the about equal, in effect,—that on the part of appellants tends to show that

at certain stages in the growth of the broilers, when the wind is towards appellants' guest house, foul odors are wafted into it, and also in their residence, materially affecting their comfort. There was testimony on the part of appellees equally as strong and convincing that the odors were infrequent and inoffensive, and that no nuisance resulted. There is evidence that Thiel offered to contribute $1,000 to the cost of moving the brooder house to another location on appellees' tract in order to remove the odor nuisance and that the cost of relocation would not be more than about $1,900,—but that appellees refused the offer.

Without attempting to detail the testimony, it suffices to say that after carefully considering it all, we are unable to say that the Chancellor's findings are against the preponderance thereof.

Our well-established rule is that while we try cases here *de novo,* and are not bound by the Chancellor's findings on which the decree was based, yet where, as here, the evidence appears in equal balance, the action of the trial court then becomes persuasive on us and sufficient to tip the scales in favor of the court's decree. *Grayson* v. *Bowie,* 197 Ark. 128, 122 S. W. 2d 536.

There is no contention that the operation of the broiler house is a nuisance *per se,* but appellants insist that, in the circumstances here, it has become a nuisance *per accidens* by reason of the locality and its location on the appellees' premises.

Appellants frankly admit that '' the proof shows that the (broiler) house is properly constructed and that appellees are following approved poultry practices'' and that the law is well settled ''that the operation of a business may be a nuisance in one locality and not in another.'' *Jones* v. *Kelley Trust Company,* 179 Ark. 857, 18 S. W. 2d 356.

A nuisance *per accidens* is defined in Ballentine's Law Dictionary, 2d Edition, page 890, as follows: ''There are instrumentalities, however, which in their nature are

not nuisance, and whether or not they are nuisances depends upon their surroundings, the manner in which they are conducted or managed, or other circumstances. Such instrumentalities when they constitute nuisances, are termed nuisances *per accidens.*"

As indicated, we are dealing here with an admitted, ordinarily lawful and useful business, not located in the environs of a city, but out in the country where raising broilers for the market is a common and may be a productive undertaking. Before we would be justified in putting a stop to such a business by injunction the necessity for doing so must be supported by the preponderance of the evidence.

"The law takes care that a lawful and useful business shall not be put a stop to on account of every trifling or imaginary annoyance, such as may offend the taste or disturb the nerves of a fastidious or overrefined person. . . . .

"The right to enjoy property is as much a matter of legal concern as the property itself. . . . The owner of property is entitled to enjoy the ordinary comforts of life, and that right is not to be measured by the notions of the people of a particular locality. . . . No man has a right to take from another the enjoyment of what are regarded by the community as the reasonable and essential comforts of life, because the notions of the people of a given locality may not correctly estimate the standard of such comforts.

"But 'a lawful and useful business should not be destroyed by injunction unless the necessity for doing so be strong, clear and urgent. He who asks the intervention of the court in such a case must show that the acts complained of do cause him substantial and essential injury, and that there is a grave and serious wrong done by the person against whom the complaint is lodged.' Judge ELLIOTT, in *Owen* v. *Phillips, supra,* upon this subject said: 'There must be the wrongful invasion of a legal right, and the damage resulting must be serious and

substantial.' " *Durfey* v. *Thalheimer*, 85 Ark. 544, 109 S. W. 519.

We said in *Terrell* v. *Wright*, 87 Ark. 213, 112 S. W. 211, 19 L. R. A., N. S., 174, "according to our settled notions and habits, there are convenient places—one for the home, one for the factory; but, as often happens, the two must be so near each other as to cause some inconvenience. The law cannot take notice of such inconvenience, if slight or reasonable, all things considered, but applies the common-sense doctrine that the parties must give and take, live and let live; for here extreme rights are not enforcible rights—at any rate, not by injunction," and in *Gus Blass Dry Goods Company* v. *Reinman*, 102 Ark. 287, 143 S. W. 1087, we find this language:

"The difficult questions involved, and to be determined in each case, are whether or not the annoyance, discomfort and injury is sufficient in degree to constitute a nuisance, and, if so, whether or not an adequate relief can be obtained by an action for damages, and whether or not the damages are irreparable. It is only in cases where the damages are constantly recurring and irreparable that courts of equity will lend their aid in abating the nuisance or in restraining its maintenance. The right of the complaining party to relief necessarily depends upon the degree of the injury arising from the alleged nuisance, which is chiefly determined by the evidence. The injury and resultant damages flowing therefrom may be great or they may be slight; and the determination of the rights of the complaining party and his remedy must necessarily depend upon the varying circumstances of each case. It is well settled that the injury must not be fanciful or imaginary, nor such as to result in a trifling annoyance, inconvenience or discomfort which may affect those who possess too sensitive a nature or too fastidious a taste. The law is applied only to the normal man, the man of ordinary habits and ordinary sensibilities. The law only takes cognizance of sensible and substantial discomforts and inconveniences."

Having concluded that the Chancellor's findings are not against the preponderance, of the testimony, in the

circumstances here, the decree is affirmed; but this is without prejudice to appellants to seek relief if in the future they feel further aggrieved.