HOWELL v. VAN HOUTEN.

5-1099                              296 S. W. 2d 428

Opinion delivered December 10, 1956.

*Ted McCastlain,* for appellant.

*Frances D. Holtzendorff* and *J. F. Holtzendorff,* for appellee.

ED. F. McFADDIN, Associate Justice. This appeal necessitates a study of certain portions of Act No. 351 of 1955. The basic issues are (a) the power of the Circuit Court to render a default judgment, without notice, in a county other than that in which the action is pending; and (b) the right of the defaulting defendant to have such judgment set aside without being required to allege

and show a meritorious defense to the original cause of action.

On November 28, 1955, appellee, Van Houten, filed action in unlawful detainer against appellant, Howell, in the Circuit Court for the Northern District of Prairie County, in which county were situated the lands alleged to be so unlawfully detained. Service was obtained on Howell on December 1, 1955, and she made a bond to retain possession of the land. The bond was approved and filed. The terms of the Circuit Court for the Northern District of Prairie County are the third Monday in March and September of each year (§ 22-310 Ark. Stats.).

The record indicates that the Circuit Court was not in session in the Northern District of Prairie County at any time from December 1, 1955 until the beginning of the March, 1956 term, which was March 19th. On that day, when Howell's attorney appeared in open court for his client, he learned — for the first time — that a default judgment had been granted in favor of Van Houten on February 23, 1956, and that the default judgment had been placed of record on February 25, 1956. Howell then filed, on March 24, 1956, her "Motion to Vacate Judgment."[1] The motion was heard in open court on March 28th; and the Court found and declared these facts:

---

[1] The motion recited, *inter alia*: "That on the 28th day of November, 1955, the plaintiff in the above numbered cause filed suit against her for the possession of certain lands described in his complaint; that the defendant posted bond as required by law and retained possession of the lands pending the trial of same at the regular Term of said Court which convened on the 19th day of March, 1956; that the Judge of said Court, the Hon. W. J. Waggoner, signed a judgment by default against the defendant in Vacation, at Lonoke, Arkansas on the 23rd day of February, 1956; that said default judgment was not entered of record until the 25th day of February, 1956 in the office of the Circuit Clerk in and for the Northern District of Prairie County . . .

"That subsequent to the date of the default judgment, and the entry of same, the defendant employed counsel to represent her in said cause, and on the 19th day of March, 1956 for the first time learned of the default judgment for possession which appeared in Judgment Record Book "G" at page 564 of the records of the Prairie County Clerk; . . .

"Defendant states: that the default judgment entered against her on the 25th day of February, 1956 is absolutely void and should be set aside for the following reasons:

"That on the 23rd day of February, 1956 said cause of action pending in the Prairie County Circuit Court was presented for judgment to the Court in Vacation in Chambers in Lonoke, Arkansas, Lonoke County; and it appearing that the defendant had failed to file any defense to said cause of action rendered judgment against the defendant for possession of the lands described in Plaintiff's complaint same being entered of record on the 25th day of February, 1956 in the office of the Circuit Clerk of Prairie County for the Northern District. The Court finds that the Plaintiff did not give any notice to the defendant, or her attorney that said cause would be presented to the Court for judgment in Lonoke County, the residence of the judge of said Court . . ."

After making such findings the Circuit Court denied Howell's motion to vacate the default judgment; and Howell has appealed, claiming that "the default judgment rendered against appellant in Lonoke County in an action pending in Prairie County is null and void, in the absence of any notice to appellant."

Appellee, Van Houten, claims: (1) that the order of the Circuit Court overruling the motion to vacate is not a final order from which appeal may be taken; and (2)

"a. The judgment is void because of the Judge of said Court in Vacation signed said judgment without the County, or in Lonoke County, outside of the county in which said cause of action was pending; and therefore Act 49 of the Acts of 1955 relied upon by plaintiff is not applicable.

"b. The judgment is absolutely void under the provisions of Section three (3) of Act 351 of the Acts of Arkansas for the year 1955 which provides not less than 15 days notice to the defaulting party. This section provides that said notice shall be in writing, setting forth the action proposed to be taken and the time and place of presentation, and shall be by registered mail with return receipt requesed. A copy of said notice together with the postal written return receipt shall be filed with the Clerk of the court in which the action is pending.

"Defendant states that no notice was given to her as required by law and that said judgment should be by the Court set aside and held for naught, and that she be given time to file a defense in said action; that unless said void judgment is set aside her rights of possession will be prejudicially affected.

"WHEREFORE, defendant prays that her motion be set down for hearing at a time convenient for the Court, and that upon final hearing the judgment herein mentioned be set aside, and that she be permitted to file herein a defense to said cause of action."

that the default judgment against Howell is not null and void.

I. *Finality Of Judgment Against Howell.* Certainly insofar as appellant Howell is concerned, the default judgment is final until vacated. We do not know what defense Howell may have to the unlawful detainer action; but we do know that until the default judgment be set aside, Howell has no right or power to make such defense. So as to Howell, the default judgment on Van Houten's unlawful detainer action is final; and Howell is the only appellant in this Court. See *Piercy* v. *Baldwin,* 205 Ark. 413, 168 S. W. 2d 1110, and cases there cited.

II. *Validity Of The Default Judgment Against Howell.* Act No. 351 of 1955 (§ 29-410 Ark. Stats.) is the only statute that is claimed to empower a Circuit Judge to render a default judgment when the Judge is not actually holding court [2] in the county in which the cause is pending. As to the constitutionality of that statute, we need not here express any opinion because in this case there was no notice given, as required by the statute. Section 3 of said Act 351 says:

"Upon default by failure to file a defense as required by Section 126 of the Civil Code, as amended, the complaining party may present his cause of action for judgment thereon . . . to the court in vacation of the trial judge upon not less than 15 days notice to the defaulting party. Said notice shall be in writing, setting forth the action proposed to be taken and the time and place of presentation, and shall be by registered mail with return receipt requested. A copy of said notice together with the postal written return receipt shall be filed with the clerk of the court in which the action is pending."

As heretofore copied, the Trial Court found: "The Court finds that the plaintiff did not give any notice to

---

[2] Section 3 of Act 49 of 1955 (§ 29-401 Ark. Stats.), in referring to judgment by default, says that it is to be rendered "by the court"; and that means when the judge is actually holding court at the proper place. See *Williams* v. *Reutzel,* 60 Ark. 155, 29 S. W. 374.

the defendant, or her attorney that said cause would be presented to the court for judgment in Lonoke County, the residence of the judge of said court.'' Thus, there was no compliance with the notice provision of said Act 351. The words of Justice BATTLE in *Williams* v. *Reutzel,* 60 Ark. 155, 29 S. W. 374, are apropos:

''It has often been held by this court that 'the meeting together of the judge and officers of a court, at the place, but not at the time, fixed by law for holding the court, was not a court under our constitution and law, but was a mere collection of officers, whose acts must be regarded as *coram non judice* and void.' *Dunn* v. *State,* 2 Ark. 252; *Brumley* v. *State,* 20 Ark. 77; *Scott* v. *State,* 22 id. 369; *Ex Parte Jones,* 27 id. 349; *Chaplin* v. *Holmes,* 27 id. 414; *Graham* v. *Parham,* 32 id. 687; *Grimmett* v. *Askew,* 48 id. 155; *Neal* v. *Shinn,* 49 id. 227. This rule is applicable to the proceedings of a court held at a place not authorized by law. The object of the law in both cases is the same. That object is certainty, and to prevent a failure of justice by reason of parties concerned or affected not knowing the time or place of holding courts.''

There could be no ''court'' of the Northern District of Prairie County in session in Lonoke County; and the notice required by Section 3 of the Act 351 was not given; so the purported default judgment of February 23, 1956 was null and void.

III. *Howell's Failure To Allege A Meritorious Defense To Van Houten's Complaint.* Appellee points out that in the motion to vacate the default judgment, Howell did not allege a meritorious defense; and appellee insists that a party seeking to set aside a default judgment must not only allege a valid defense but must also make a *prima facie* showing of such defense; and appellee cites such cases as *Ragland* v. *Rhoads,* 215 Ark. 64, 219 S. W. 2d 639; and *Merriott* v. *Kilgore,* 200 Ark. 394, 139 S. W. 2d 387.

We hold that the rule recognized in these cited cases is not applicable to a case like the one at bar, because,

here, the purported default judgment was rendered without a court being duly in session. In *State* v. *West,* 160 Ark. 413, 254 S. W. 828, a judgment was rendered in vacation, which situation was not then allowed by law. When the State (against which the judgment had been rendered) filed a motion at the next term of the court to set aside the vacation judgment, it was contended by the opposing party that the State had to comply with § 6290 C. & M. Digest (which is now § 29-506 Ark. Stats.) prescribing the procedure for setting aside a judgment after the term. We held that such section had no application to a proceeding to set aside a void judgment rendered at a time not authorized by statute, saying:

"We do not think, however, that the State's right to proceed to vacate the judgment is created by § 6290 of the Digest; nor do we think that the procedure is controlled by that section, or by § 1316 of the Digest. In fact, this is not a statutory proceeding, but is a special proceeding, instituted for the purpose of calling to the attention of the court the invalidity of the purported judgment, for the reason that it was rendered in vacation . . . This proceeding is therefore an exercise of that continuing power which courts have over their judgments to find and declare that what purports to be a judgment is, in fact, no judgment at all; . . ."

In the case at bar, we conclude that the order of the Circuit Court of the Northern District of Prairie County, under date of March 28, 1956, refusing to set aside the default judgment against appellant, Howell, should be reversed and this cause remanded to the Circuit Court with directions to set aside the said default judgment and for further proceedings not inconsistent with this opinion.