WALDEN *v.* METZLER.

5-1262                                        301 S. W. 2d 439

Opinion delivered April 29, 1957.

*Chas. F. Cole,* for appellant.

*Wayne Boyce,* for appellee.

GEORGE ROSE SMITH, J. The appellee sued the appellant upon a $700 account for labor and materials furnished in the construction of a dwelling. The summons was served on January 16, 1956, but as a result of Walden's failure to bring the matter promptly to his attorney's attention the defendant's answer was not filed until February 22. On motion of the plaintiff a default judgment was entered on October 15, the court being of the opinion that Acts 49 and 351 of 1955 mandatorily require the entry of such a judgment when the defendant fails either to plead or to obtain an extension of time for pleading within twenty days after the service of summons. Ark. Stats. 1947, §§ 27-1135, 29-401, and 29-410. During the same term of court Walden's motion

to set aside the default judgment was overruled, and he has appealed.

Upon the facts now before us, which involve no suggestion of unavoidable casualty, the trial court was correct in his interpretation of the 1955 statutes. The legislative intention that led to the enactment of Acts 49 and 351 must evidently be determined by comparing these statutes with the law as it existed before their passage.

A defendant was formerly required to file his defense by noon of the first day of a regular or adjourned session of court held twenty days or more after the service of summons. Ark. Stats., § 27-1135, as it read before the 1955 amendment. Despite this requirement, the court had broad discretionary authority to allow the filing of an answer after the expiration of the time limited. Ark. Stats., § 27-1160; *Blauvelt* v. *Blauvelt*, 199 Ark. 710, 136 S. W. 2d 201. And before rendering judgment by default the court might for good cause allow further time for the filing of a defense. Ark. Stats., § 29-401, as it read before the 1955 amendment.

As every practicing lawyer knows, the statutes just mentioned allowed much unnecessary delay in the conduct of litigation. It was not unusual for a defendant to file a demurrer or a dilatory plea on the last day allowed. After this pleading had been disposed of additional time had to be given for the filing of an answer —all of which often prevented a trial on the merits until at least another term of court. If the terms were held at six-month intervals the trial might easily be delayed for a year or more.

It cannot be doubted that Acts 49 and 351 were adopted as a means of reducing needless delay in the trial of cases. Section 2 of Act 49 requires the defense to be filed within twenty days after the service of summons, without reference to any term of court. Ark. Stats., § 27-1135, as amended. Section 3 provides for judgment by default and requires that a defendant's application for further time be made before the expiration of the period within which the defense should have been filed. Ark. Stats., § 29-401, as amended. Act 351 per-

mits the courts to dispose quickly of defenses that do not go to the merits of the case. Ark. Stats., §§ 27-1162, 27-1163, and 29-410, as amended.

In view of the unmistakable language of the acts in question we cannot sustain the appellant's contention that the courts still have unlimited discretion to grant further time to a defendant already in default. If that were true the 1955 acts would, as far as we can see, have made no change whatever in the law as it already existed.

In holding the two acts to be mandatory we do not mean to foreclose the possibility of relief to a defendant who has been prevented by unavoidable casualty from making his defense. For nearly a hundred years such a misfortune has been a basis for vacating a judgment after the expiration of the term. Ark. Stats., § 29-506. The 1955 acts do not purport to change the law in this respect. Since there might be no good reason for requiring a defendant to wait until after the term before asking relief on the ground of unavoidable casualty, it may well be true that the statute can also be invoked before the lapse of the term. In the case at bar, however, there is no indication of unavoidable casualty or misfortune; so we need not explore this question in detail.

There is no merit in the further contention that the court below erred in entering judgment by default without requiring the plaintiff to present proof. There was filed with the complaint a verified statement of the account, which is sufficient to support the judgment. Ark. Stats., § 28-202; *Clarke* v. *John Wanamaker,* 184 Ark. 73, 40 S. W. 2d 784.

Affirmed.