Douglas *v.* Douglas.

5-1313                                                 304 S. W. 2d 947

Opinion delivered July 1, 1957.
[Rehearing denied Sept. 30, 1957]

*B. Ball,* for appellant.

*Paul K. Roberts,* for appellee.

Carleton Harris, Chief Justice. This is an appeal from the order of the Chancery Court of Bradley County, entered on January 8, 1957, in setting aside a divorce decree which had been rendered on August 30, 1954. In setting aside said decree, the court held same to be void for the reason that no regular, adjourned, or special term of the court was set for August 30th, nor such time set by rule or order of the court for the transaction of

business, and appellee had not been given notice of the August 30th date. In other words, the court held that the decree of August 30, 1954, was rendered in vacation and without notice.

The record reflects that appellant filed a suit for divorce against appellee on July 2, 1954, and appellee was duly served with summons. On July 13, a restraining order was issued restraining appellee from "molesting" appellant in the use of certain property described in the pleadings, and this order was served upon appellee.[1] Thereafter, on July 30, no answer or other pleading having been filed, the court heard the testimony of appellant and her witnesses, and a docket notation was made as follows:

"'* * * the 'cause was submitted upon complaint, other pleadings and exhibits and the testimony of witnesses listed on margin (plaintiff, Mrs. W. M. Jackson, Mrs. Johnson, W. C. Kind). Decree of divorce granted to plaintiff, custody of child granted plaintiff, $30.00 per month child support granted. Resulting trust declared in land and other property in favor of plaintiff. Restraining order made permanent as per precedent.' * * * *"

No precedent was signed by the Chancellor, and on August 30, 1954, the Chancellor endorsed upon the chancery docket the following:

"Upon motion of plaintiff, the judgment rendered herein on 7/30/54, having inadvertently been rendered prior to the proper elapse of time, is set aside, and being now re-heard upon the pleadings and testimony, the defendant, having had prior notice of this action and still failing to appear and plead herein, the plaintiff is granted the custody of the child, a divorce from the defendant and the prayer for constructive trust is granted in and to the real and personal property of the parties and the temporary restraining order is made permanent, as per precedent."

---

[1] The supplemental pleading seeking this relief and the order of the court granting same were lost from the files, and a carbon copy was substituted by stipulation of the parties.

A precedent was signed incorporating all of such findings except that portion relating to setting aside the judgment of July 30th. The then in office Chancellor testified in the present case that the fact the matter had been heard before the expiration of 30 days[2] had been called to his attention, which was the reason for nullifying the previous notation.

Appellee, under the law, had 20 days in which to file an answer, or other pleading, after being served with summons. As of August 30th, a date far beyond the period in which the answer should have been filed, he still had filed no pleading, nor requested additional time to do so. This was true, though he knew the cause was pending, had already been served with a summons, had been served with a restraining order, and had further been advised, according to the testimony, by the Chancellor, that if he had any defense and wanted to assert it, an attorney should be consulted. Apparently, from the record, two attorneys were consulted, but no answer was filed.

Appellee argues that he had until noon of October 25th (first day of the new term) to file his answer. This would be true if the court had not been in session for business in Bradley County from the time of the filing of the complaint until October 25th, or if the 20 days time for filing answer had not expired before August 30th, but this contention is without merit under the facts in the cause before us. Subsequent to August 30th, through various attorneys, appellee filed one motion and four suits to set aside this decree, the last one, filed on September 5, 1956, occasioning the instant litigation. In stating his grounds in the suits to set aside the decree, appellee never alleged he was under the impression that he had until the first day of the next term to file an answer; to the contrary, he alleged that he had been lulled into a false sense of security by appellant; that appellant told him, after filing her suit, that she was not "going any further" with it, and that she sent their

[2] See Act 47 of 1953.

daughter to him to convey the same information.[3] In the motion, (first pleading filed) he alleged, as his reason for not filing answer, that he had been financially unable to employ an attorney. In other words, appellee was not depending upon the provisions of Section 27-1135,[4] but was depending entirely upon other grounds. Further, there was no sufficient showing of unavoidable casualty, or that appellant had made the statements to appellee upon which he allegedly relied.

As stated in the opening paragraph, the order of the court in setting aside its decree of August 30th was based upon the finding that the decree was rendered at a time when the court was not legally in session, that is, the decree was rendered in "vacation," and the same was therefore void. We do not agree with this conclusion. Section 22-408.1, Vol. 3, Ark. Stats. (1947) Anno., provides as follows:

"* * * There shall be no adjournments of Courts of Chancery, but such courts shall be deemed in recess while not engaged in the transaction of business. * * *"

Section 22-408.2 further provides:

"At any time while mentally and physically competent, and physically present in the geographical area of the Chancery Circuit which he serves as Chancellor, the Judge of a Chancery Court may hear, adjudicate, or render any appropriate order with respect to, any cause or matter pending in any Chancery Court over which he presides, subject to such notice of the time, place and nature of the hearing being given, as may be required by law or by rule or order of the court, provided that no *contested case* can be tried *outside the county of the venue of said case,*[5] except upon the agreement of the parties interested."

---

[3] Both appellee and the daughter vigorously denied this assertion in their testimony. The parties hereto did not again live together after appellant filed her suit.

[4] Later superseded by Act 49 of 1955, which, in turn, has been superseded by Act 53 of 1957. See also Act 70 of 1957.

[5] Emphasis supplied.

The court was not in recess for it was engaged in the transaction of business. The hearing of the evidence and the signing of the decree on August 30th were normal transactions of a court in session. Appellee argues that regular or adjourned sessions of court were held in other counties of the district, between the Bradley County May and October terms, and this necessitated another order opening court in Bradley County each time the court returned to that county for the transaction of business. As authority for such argument, he cites a case decided many years before the passage of Act 6 of 1951 (Section 22-408.1 and 22-408.2). The argument is entirely contrary to the statute just mentioned, and is therefore without merit.

There is no showing in the record that the court had established any rules or regulations at that time (relative to the place and particular time for hearing evidence and rendering decisions) that were violated by hearing the cause on August 30th, or which caused appellee to be misled. Appellee was not due to receive notice, for he was in default. The court was not required to notify appellee, for he had forfeited the right to such notice by his failure to file an answer or otherwise plead. To the contrary, when appellee was served with a summons, he was given legal notice of the pending litigation, and was required to take steps to preserve his rights.

This was not a contested case, nor was it a case from another county in the district. The learned Chancellor apparently relied in large measure upon the case of *Howell* v. *Van Houten*, 227 Ark. 84, 296 S. W. 2d 428, but the facts in that case were far different from those with which we are presently concerned. There, an unlawful detainer action was brought in the Circuit Court of *Prairie* County, in which county were situated the lands said to be unlawfully detained. The Circuit Judge entered judgment against Howell while in chambers in *Lonoke, Lonoke County*. In the present cause, the suit was *filed in Bradley County*; the evidence was *heard in Bradley County*, and the decree was *ren-*

*dered in Bradley County*. We accordingly conclude that the court had full authority to render said decree.

Summarizing, it appears that though appellee knew about the pendency of the action, no steps were taken to defend same. Nearly two months elapsed after the rendition of the August 30th decree before any pleading was filed. Such pleading was the motion to set aside the decree, and was filed on October 23, 1954, and amended on January 29, 1955. No action was ever taken on this motion. A complaint was filed on February 12, 1955, seeking to set aside the decree. Appellee took a non-suit on April 15, 1955. Following such action, appellant remarried. A second suit was filed by appellee on April 16, 1955; non-suit was taken in September, 1955. A third suit was filed on December 3, 1955, and dismissed by the court on motion of appellant for want of prosecution. The instant action was commenced on September 5, 1956. It cannot be said that appellee has exercised diligence in asserting any alleged rights, and, in fact, it appears that his interest in instituting the various suits was largely influenced by the fact that appellant had instituted action in the Bradley Circuit Court to enforce certain property rights granted in the divorce decree.

For the reasons herein set out, we hold that the court erred in setting aside the divorce decree rendered August 30th. The cause is accordingly reversed and remanded with directions to reinstate said decree.