WEST *v.* PAGE.

5-1325                                    305 S. W. 2d 336

Opinion delivered September 30, 1957.

*John L. Sullivan,* for appellant.

*E. M. Arnold, O. W. Pete Wiggins, Roger L. Murrel,* and *Barber, Henry, Thurman & McCaskill,* for appellee.

*John Charles Linthicum,* for intervenor.

GEORGE ROSE SMITH, J.   The appellee Page, a building contractor, agreed to construct three houses for the

appellants for the fixed sum of $3,000 a house, plus a specified additional charge for labor, materials, and supervision required for any extra work not included in the plans and specifications. The present suits, consolidated for trial below, were brought by Page and by the other three appellees, who are unpaid materialmen. The cases involve a settlement of the various accounts between the parties.

The dispute between the owners and the materialmen may be disposed of quickly. The chancellor found that the three unpaid materialmen are entitled to judgments totaling $1,776.03 and to liens upon the property. This finding is amply supported by the proof and is approved, except that one of the materialmen, American Radiator & Standard Sanitary Corporation, asserts no lien against one of the three lots (Lot 10) and concedes that the chancellor was mistaken in awarding it a lien against that lot.

As between Page and the owners the chancellor found that Page is entitled to judgment for $1,256.19 for extras not included in the original plans and specifications. This finding is questioned on direct appeal by the owners, but we are of the opinion that Page's testimony establishes each of the items allowed by the chancellor. It may be added that Page's complaint sought a somewhat larger amount for the extra work, but he does not contend on his cross appeal that the sum awarded is inadequate.

In addition to entering judgment in favor of Page for extra work amounting to $1,256.19 the chancellor awarded Page a judgment against the owners in the amount of the materialmen's unpaid claims, $1,756.03, with a proviso that any payments made by the owners to the materialmen should also be credited upon the judgment in favor of Page. Thus Page received judgments against the owners totaling $3,012.22, against which the chancellor allowed the owners a credit of $150.16 for money expended by them for work that Page should have done.

The finding of a net balance in favor of Page cannot be sustained, for it disregards the fact that Page received advances from the owners during the course of construction and the fact that it was his duty to pay the materialmen. By the terms of the contract Page was to receive $9,000 for the labor and material involved in building the houses according to the plans, and he has established a claim for extras in the sum of $1,256.19, making a total of $10,256.19 as the maximum sum owed to Page by the owners. Page admits that the owners paid him $8,692.46 during the progress of the work; so even if Page had paid for all the materials he would be entitled to only $1,563.73. There are, however, unpaid material bills totaling $1,756.03. It was Page's contractual duty to pay these bills, and by statute he is responsible to the owners for the loss resulting from the perfection of materialmen's liens against the owners' land. Ark. Stats. 1947, § 51-610. Hence the appellants are entitled to judgment against Page for the deficit of $192.30, together with the item of $150.16 which the chancellor found they had expended in the necessary completion of the houses.

On cross appeal Page argues that the chancellor should not have awarded the owners a judgment for the item, just mentioned, of $150.16. It is contended that the owners' answer, asserting this counterclaim, was not filed until more than twenty days after the service of summons and that therefore the answer should have been stricken under the mandatory provisions of Act 49 of 1955 (Ark. Stats., §§ 27-1135 and 29-401), as construed in *Walden* v. *Metzler*, 227 Ark. 782, 301 S. W. 2d 439.

On the record before us this contention is not well founded. Page filed his complaint in the chancery court, and the summons was served on January 11, 1956. On January 26 — only fifteen days later — the defendant owners filed their motion to transfer the cause to the circuit court. This motion, which as it happens was ultimately denied, was in our opinion a compliance with the statutory requirement that the "defense" to the complaint be filed within twenty days. We do not con-

strue the word defense as being limited to an answer going to the merits of the case. Act 49 deals with default judgments and provides that judgment by default shall be entered "in any case where the defense has not been filed within the time allowed by this Act . . ." Before the passage of Act 49 a defendant who had filed a responsive pleading in the case was not regarded as being in default. In the orderly course of procedure the defendant should be permitted to raise preliminary matters before pleading to the merits of the case. We think it plain that this settled principle of pleading was left undisturbed by the 1955 statute.

As indicated, the decree is affirmed in part and reversed in part, and the cause is remanded for the entry of a decree conforming to this opinion.