STOKENBURY *v.* STOKENBURY.

5-1437                                                    307 S. W. 2d 894

Opinion delivered December 16, 1957.

*Rex W. Perkins* and *E. J. Ball,* for appellant.

*Elgin H. Blalock,* for appellee.

CARLETON HARRIS, Chief Justice. Norman L. Stokenbury, appellee herein, instituted suit for absolute divorce against Martha M. Stokenbury, appellant, in the Washington County Chancery Court on March 21, 1957. Mr. Stokenbury was a sergeant in the Air Force, and had been previously stationed at Wichita, Kansas, before being transferred to Fayetteville.[1] While in Wichita, Mrs. Stokenbury had obtained, from the District Court of Sedgwick County, a restraining order against appellee, restraining him from molesting her or the minor children, and further directing that he pay the sum of $156.90[2] per month as support and maintenance for appel-

---

[1] Mr. Stokenbury was originally from Washington County, and has continued to claim Arkansas as his home.

[2] Amount of Class E allotment. $96 paid by government; $60 by Stokenbury.

lant and the children. The suit filed by Mrs. Stokenbury was for separate maintenance only, and was still pending at the time of the hearing in this litigation. On April 3, Mrs. Stokenbury filed a motion for temporary allowances for herself and the three children, and for suit money. Both parties testified before the court, and Mrs. Stokenbury testified that there were a number of witnesses, in various states, whose testimony was necessary to the presentation of her defense, and that such testimony would have to be taken by deposition. She listed twelve witnesses[3] in four states and one in Japan. The court, after hearing the testimony of appellant and appellee, entered an order directing Stokenbury to pay into the registry of the court the sum of $50 for temporary attorney's fee; $15 for suit money; $25 for the taking of depositions; and further, "* * * that the court allows the amount made by the Kansas court for the support and maintenance of the defendant and minor children to remain as it is." Appellant contends that the amounts allowed for suit money and the taking of depositions are inadequate, and so brings this appeal.

Appellee's principal argument relates to the fact that no answer was filed by appellant until May 22, 1957, and that the trial court erred in permitting such answer to be filed at that late date; that the appellant is completely in default. We find such argument to be without merit. As hereinbefore set out, Mrs. Stokenbury, on April 3rd, (which was well within the time) filed her motion for temporary allowances. It was not necessary that an actual answer be filed within the twenty days. In the case of *West* v. *Page,* 228 Ark. 13, 305 S. W. 2d 336, decided by this Court on September 30th of this year, it was said:

"* * * On cross appeal Page argues that the chancellor should not have awarded the owners a judgment for the item, just mentioned, of $150.16. It is contended that the owners' answer, asserting this counterclaim, was not filed until more than twenty days after

---

[3] This number included four husbands and wives whose testimony would be the same.

the service of summons and that therefore the answer should have been stricken under the mandatory provisions of Act 49 of 1955 (Ark. Stats., Sec. 27-1135 and 29-401), as construed in *Walden* v. *Metzler*, 227 Ark. 782, 301 S. W. 2d 439.

"On the record before us this contention is not well founded. Page filed his complaint in the chancery court, and the summons was served on January 11, 1956. On January 26—only fifteen days later—the defendant owners filed their motion to transfer the cause to the circuit court. This motion, which as it happens was ultimately denied, was in our opinion, a compliance with the statutory requirement that the 'defense' to the complaint be filed within twenty days. We do not construe the word defense as being limited to an answer going to the merits of the case. * * * In the orderly course of procedure the defendant should be permitted to raise preliminary matters before pleading to the merits of the case. We think it plain that this settled principle of pleading was left undisturbed by the 1955 statute. * * *"

Appellee further argues that this appeal was filed solely for the purpose of delay, but the circumstances and testimony do not justify such a finding on our part.

This suit was filed by appellee, and we have previously held that where a divorce suit is instituted by the husband, the wife is entitled to alimony *pendente lite,* suit money, and attorney's fees, without the necessity of a showing of merit. *Slocum* v. *Slocum,* 86 Ark. 469, 111 S. W. 806; *Kearney* v. *Kearney,* 224 Ark. 484, 274 S. W. 2d 779. However, in her testimony, Mrs. Stokenbury was asked what caused her to initiate proceedings in Wichita to keep her husband away from home. Her reply was, "Because of his brutality in drinking, and I have gone through the same thing with two other children and I could not go through it again." She stated that several friends and neighbors in Wichita (naming them) knew of the conduct of her husband, and she desired their deposition. She named other witnesses ex-

pected to testify that Stokenbury kept company with two different women.

This wife is entitled to present her defense, and according to her testimony, is without funds to defray the expense of taking the depositions, or to defend the law suit. The youngest child was one week old when Mrs. Stokenbury came to this state, and appellant's sole means of support is the Class E allotment. Sergeant Stokenbury's attitude is that if his wife wants to take the depositions, she can pay for same out of her money. We do not believe, however, that $156.90 per month is a sufficient amount to provide for her maintenance and needs, the support and maintenance of three small children, and to defend the litigation. The matter therefore resolves itself into two questions . . . first, is the amount allowed by the trial court sufficient for Mrs. Stokenbury to present her defense; and second, what amount does appellee have the ability to pay? We do not see, particularly under present day living costs, how depositions of the various witnesses could be taken in four states and abroad for the sum of $40, and are of the opinion that a larger amount should have been allowed. Such amount depends, of course, upon the earnings of appellee. Sergeant Stokenbury testified that his base pay, longevity, and rations and quarters allowance, amount to a total of $287.70. After deducting the $60 for the family allotment, and various other deductions, he testified there was left about $180, and that he was not able to make ends meet . . . that his board amounts to $60 a month[4] . . . that he has to eat the noon meal on the road, and spends the balance for cleaning, laundry, and "many other things"; that he owes his father and sister money, as well as the First State Bank at Springdale. Appellee further testified that he had purchased a 1956 Oldsmobile, but after paying $1,200 to $1,400 on the sale price, had given it to his sister, because of his inability to make the payments.[5] Obviously, Sergeant Stokenbury's finances are limited,

---

[4] Sergeant Stokenbury lives with his sister, and testified that though this was the charge, he had not yet paid any amount.

[5] The car was given to the sister after this suit was filed.

but we conclude that a larger allowance for suit money and depositions would be entirely proper. While not involved in this appeal, we might add that we feel the amount of $156.90, allowed by the court, to be a proper amount under the financial circumstances shown.

The trial court allowed a total of $40 for suit money and the taking of depositions. In accordance with the views herein expressed, the judgment is reversed and the cause remanded to the Washington Chancery Court with directions to award appellant the additional sum of $110, or a total award (for suit money and the taking of depositions) of $150.

Justices McFADDIN and MILLWEE dissent.

ED. F. McFADDIN, Associate Justice (dissenting). Stripped of all extraneous matters, the only real question on this appeal is whether the Chancery Court abused its discretion in awarding Mrs. Stokenbury only $40.00 to defend the divorce suit brought by her husband in the Washington Chancery Court.

Let it be remembered that the Chancery Court was hearing a motion for suit money in advance of any trial; and that after hearing the case on its merits, the Court may then make additional awards for attorneys' fees and adjudge all costs against the husband, including those of taking depositions. On this preliminary motion for suit money and attorneys' fee, the Chancellor allowed Mrs. Stokenbury $50.00 attorneys' fee and $40.00 suit money. No complaint is made as to the $50.00 attorneys' fee, but it is claimed on this appeal that the Chancery Court abused its discretion in only allowing $40.00 to Mrs. Stokenbury to present her *defense*. I think she was really trying to present her *offense*. But, be that as it may, the question is whether the Trial Court abused its discretion in allowing only $40.00 for suit money.

I cannot say that the Chancellor abused his discretion. I think it is bad practice for the Supreme Court to attempt to supervise the Chancellor's discretion to the extent of $110.00 in a preliminary matter like this. The Chancery Court hears a score of these divorce cases against only

one that comes to this Court. The Chancellor sees the parties and can judge as to their sincerity, etc.: we see only the printed page. Therefore, we, as Appellate Judges, should be most reluctant to proclaim that the Chancellor abused his discretion to the extent of $110.00.

When we embark on a policy of controlling the Chancellor's discretion on such an order as this one, we are opening the floodgates to a rash of appeals on orders that are, to a large measure, entirely interlocutory, and we are encouraging litigants to appeal every temporary allowance award to this Court, thereby delaying the Chancery Court in concluding the trial of the cause. I am thoroughly of the opinion that the Chancellor did not abuse his discretion and that his order should be affirmed.