FLIPPIN *v.* McCABE.

5-1438

308 S. W. 2d 824

Opinion delivered January 13, 1958.

496

*H. J. Denton* and *Jennie F. Pond,* for appellant.

*Thomas B. Tinnon,* for appellee.

MINOR W. MILLWEE, Associate Justice. Appellants filed this suit on February 4, 1957, to abate a private nuisance allegedly resulting from the operation of a battery of four charcoal kilns by appellees near the town of Cotter, Arkansas. On February 5, 1957, appellees filed a motion for continuance of a hearing on appellants' motion for a temporary restraining order which had been originally set for February 7, 1957, and said hearing was continued by agreement of the parties until February 13, 1957. Following such hearing a temporary order was entered restraining the operation of three of the kilns but permitting the operation of one of them pending a further hearing on the merits set for March 6, 1957.

At the conclusion of the final hearing the chancellor filed an opinion as a basis for a decree enjoining appellees from operating any of the kilns during the period from December 15 to March 15, and further restraining them from operating more than two of said kilns at any one time during the other nine months of the year. The court retained jurisdiction for the purpose of modification or vacation of the decree upon proper showing of a change in circumstances warranting such action.

In the written opinion the chancellor found as follows: "That the defendants, T. J. McCabe and Charles Kelley, erected four charcoal kilns upon a tract of land near the town of Cotter, in Baxter County, Arkansas, and near United States Highway 62, and that they started producing charcoal from said kilns about the first of January, 1957; that in the process of converting the green hardwood into charcoal there was involved a burning of the green wood under controlled conditions as to

draft and other factors, and this process resulted in a large amount of smoke and volatile vapors being discharged from the kilns into the air; that the petitioners live in the vicinity near said charcoal kilns, and the smoke and volatile vapors discharged from said kilns frequently enveloped the atmosphere about the homes of the various petitioners and caused serious and substantial discomfort and annoyance to the petitioners; that after the preliminary order was entered closing all but one of the charcoal kilns, some discomfort and annoyance from smoke and vapors emanating from the one kiln was experienced by the petitioners, but the degree of annoyance and discomfort was not as great as had been previously experienced.

"The Court finds that the smoke and vapor from the kilns tends to settle and remain near the surface of the ground during cloudy, damp and overcast weather conditions and that when the weather is fair and the air is light, there is a tendency for the smoke and vapors to dissipate with little or no discomfort to the people living in the vicinity of the kilns. The Court takes judicial notice of the fact that the period of year beginning with December 15, and ending March 15 is ordinarily attended with considerable cloudy and overcast weather and that the air during such period is quite often heavy and damp.

"The Court finds that these charcoal kilns cannot satisfactorily be operated under present known or proposed operating conditions without resulting in actual and substantial physical discomfort and annoyance to the petitioners during the period from December 15, to March 15, both dates inclusive. The Court believes and finds, however, that during the remainder of the year the kilns can be operated without substantial physical discomfort or annoyance to the petitioners, provided that not more than two of the kilns are permitted to be burning at any one time. The Court finds that the operation of the kilns from December 15 to March 15, inclusive, constitutes a private nuisance in violation of the rights of the petitioners, and therefore, same should be restrained and abated during said period of time;

and that the operation of the kilns during the remainder of the year shall be a private nuisance to the petitioners, unless such operation is restricted so that only two of the kilns shall be permitted to burn at any one time."

For reversal of the decree based on said findings appellants first contend the court erred in denying their motion for default judgment because of appellees failure to answer within the time required by Sec. 2 of Act 49 of 1955 (Ark. Stats. Sec. 27-1135). It is true that in *Walden* v. *Metzler,* 227 Ark. 782, 301 S. W. 2d 432, we held the act mandatory in its requirement that the "defense" to a complaint be filed within 20 days after service of summons. But we have refused to construe the word "defense" as being limited to an answer going to the merits. Thus in *West* v. *Page,* 228 Ark. 13, 305 S. W. 2d 336, we held that a motion to transfer to law constituted a defense to a complaint within the meaning of the statute. In the instant case appellees filed a motion for continuance the day following service of summons when the parties agreed in writing to a continuance until February 13, 1957, when the cause proceeded to a hearing on appellants' application for a temporary order without protest. There was also testimony to the effect that appellees actually filed their "response" to the petition of appellants on February 13, 1957, but the clerk neglected to make proper notation of such filing. Under these circumstances we cannot say the chancellor erred in refusing to render default judgment against appellees on March 6, 1957.

Appellants also argue the chancellor erred in failing to declare the operation of all four kilns at any time a nuisance which should be abated. This presents a difficult factual issue. Anything that materially and substantially lessens or destroys the use and enjoyment of one's homestead constitutes a nuisance. *Junction City Lumber Co.* v. *Sharp,* 92 Ark. 538, 123 S. W. 370. In numerous cases of this kind we have approved the following statement from the early case of *Ross* v. *Butler,* 19 N. J. Eq. 294: "The law takes care that a lawful and useful business shall not be put a stop to on account of every trifling or imaginary annoyance, such as

may offend the taste or disturb the nerves of a fastidious or overrefined person. But, on the other hand, it does not allow any one, whatever his circumstances or conditions may be, to be driven from his home, or to be compelled to live in it in positive discomfort, although caused by a lawful and useful business carried on in his vicinity." See also, *Durfey* v. *Thalheimer*, 85 Ark. 544, 109 S. W. 519; *Terrell* v. *Wright*, 87 Ark. 213, 112 S. W. 211; *Thiel* v. *Cernin*, 224 Ark. 854, 276 S. W. 2d 677. The usual rule applied in cases like this is that if the plant involved is not a nuisance *per se*, then the injunction should not restrain the entire operation of the plant, but only that part of the operation that created the nuisance. *Ozark Bi-Products, Inc.* v. *Bohannon*, 224 Ark. 17, 271 S. W. 2d 354.

Where the thing complained of is not a nuisance *per se*, the burden is upon the complaining party to show that it is a nuisance in fact by clear and satisfactory evidence. *Lonoke* v. *Chicago R. I. and P. Ry. Co.*, 92 Ark. 546, 123 S. W. 395. The testimony of the numerous witnesses who testified on this question in the case at bar is highly conflicting and pretty evenly balanced. The eleven appellants live within distances ranging from 306 to 1106 feet of the kilns in question. Some of the appellants and others in their behalf testified that the smoke and vapor from the kilns had an unpleasant and offensive odor, burned or irritated the nose or throat, interfered with sleep and was annoying. Other residents and employees in the area and others who resided much closer to other plants identically operated testified just to the contrary and stated that the smoke and vapors were non-irritating, inoffensive, harmless and the odors in fact pleasant. Under this highly conflicting evidence we cannot say the chancellor's findings are against the preponderance of the evidence. Appellants are of course free at any time to move for modification of the injunction upon proper showing.

Nor do we agree with appellants' further contention that the court erred in admitting testimony regarding the effects of similar, if not identical, operations of other charcoal kilns in North Arkansas and South Mis-

souri. The kilns involved here had only been in operation about a month when this suit was filed and we are unwilling to say that evidence of the experience of others in similar operations in nearby communities is without probative value. See *Falcon Zinc Company* v. *Flippin,* 171 Ark. 1151, 287 S. W. 394, where similar proof was held competent on the question whether it was possible to operate a smelter without certain alleged injuries to plaintiff's farm.

The decree is affirmed.