FITZWATER *v.* HARRIS.

5-1929                                         328 S. W. 2d 501

Opinion delivered November 9, 1959.

*Orion E. Gates,* for appellant.

*John F. Gibson,* for appellee.

ED. F. McFADDIN, Associate Justice. This appeal necessitates a study of Act No. 53 of 1957. The question posed is the correctness of the Circuit Court ruling which refused the plaintiffs a default against the defendant because of his failure to file answer within twenty-one days after service of summons.

Here is the chronological order of events:

(a) On January 22, 1958 appellants, as plaintiffs, filed action in the Drew Circuit Court against the appellee, William Harris. The complaint sought damages for plaintiffs because of an alleged traffic mishap.

(b) Summons was served on defendant, Harris, in Chicot County on January 22, 1958; and on January 23rd Harris' attorney, Mr. Gibson, wrote the Drew Circuit Clerk and obtained a copy of the complaint.

174

(c) On February 7, 1958 the Circuit Judge was in Drew County for the purpose of setting cases for the ensuing term of the Circuit Court which would convene on February 17, 1958 (the third Monday in February, as fixed by § 22-310 Ark. Stats.).

(d) Mr. Gates, for the plaintiffs, and **Mr. Gibson,** for the defendant, were both present before Circuit Judge Golden on February 7th; and Judge Golden dictated the following into the record as his recollection of what transpired on that occasion:

"On February 7 the Court set the docket, including this case, and on that date the following notation was made by the Court: 'Set for 2/17/58, to be reset', and as I recall what transpired on that date Mr. Gibson stated that he wished to file a motion for an order to have permission to have the plaintiffs examined by some physician and that Mr. Gates immediately responded that that wasn't necessary, that he would submit them to an examination at any reasonable time or place. That was a verbal motion."

(e) On February 13th defendant filed his answer, which was twenty-two days after the day of the service of summons.

(f) On February 17th plaintiffs filed their motion to strike the answer and for default, since the answer was filed one day too late.

(g) The Circuit Court denied the motion to strike and the motion for default; and the correctness of that ruling is the sole issue[1] on this appeal.

In the briefs and in the oral argument before this Court, appellants cite Act No. 49 of 1955 and insist that

---

[1] After the denial of the motion to strike and the motion for default, the case was tried to a jury and resulted in a verdict and judgment for the defendant; but plaintiffs preserved their objections to the order denying the motion to strike and the refusal of the default, and thus the issue reaches this Court.

under the law[2] it was mandatory on the Circuit Court to render a default against the defendant since he had failed to file an answer within twenty-one days after service; and appellants cite, *inter alia, Walden* v. *Metzler,* 227 Ark. 782, 301 S. W. 2d 439; and *Pyle* v. *Amsler,* 227 Ark. 785, 301 S. W. 2d 441. These cases were decided under Act No. 49 of 1955 and hold exactly what the appellants say; but appellants have apparently failed to attach the proper importance to Act No. 53 of 1957, which amended the said Act No. 49 of 1955. The germane portion of Act. No. 49 reads:

"Judgment by default shall be rendered by the Court in any case where the defense has not been filed within the time allowed by this Act; provided, that the Court may for good cause allow further time for filing a defense, if application for granting further time is made before expiration of the period within which the defense should have been filed."

The quoted language of the above Act was amended by Act No. 53 of 1957; and below we emphasize the amendatory language for convenient information:

"Judgment by default shall be rendered by the Court in any case where *an appearance or pleading, either general or special,* has not been filed within the time allowed by this Act; provided, that the Court may for good cause allow further time for filing an appearance or pleading, if application for granting further time is made before expiration of the period within which the appearance or pleading should have been filed; *and that nothing in this Act shall impair the discretion of the Court to set aside any default judgment upon showing of excusable neglect, unavoidable casualty or other just cause.*"

---

[2] The Act No. 49 of 1955 has been mentioned or referred to in a number of our cases, some of which are: *Howell* v. *Van Houten,* 227 Ark. 84, 296 S.W. 2d 428; *Walden* v. *Metzler,* 227 Ark. 782, 301 S.W. 2d 439; *Pyle* v. *Amsler,* 227 Ark. 785, 301 S.W. 2d 441; *Cummings* v. *Lord's Art Galleries,* 227 Ark. 972, 302 S.W. 2d 792; *Douglas* v. *Douglas,* 227 Ark. 1057, 304 S.W. 2d 947; *West* v. *Page,* 228 Ark. 13, 305 S.W. 2d 336; *Stokenbury* v. *Stokenbury,* 228 Ark. 396, 307 S.W. 2d 894; *Flippin* v. *McCabe,* 228 Ark. 495, 308 S.W. 2d 824; *Lambert* v. *Lambert,* ___ Ark. ___, 316 S.W. 2d 822; and *Burton* v. *Sanders,* ___ Ark. ___, 321 S.W. 2d 209.

Thus, by the Act No. 53 of 1957 the Trial Court had power to set aside a default, even if it had granted one, for either of three causes: (a) excusable neglect; (b) unavoidable casualty; or (c) other just cause. In the case at bar the Circuit Court exercised the power contained in the amendatory language because the Circuit Judge, in denying the motion for default, called attention to the fact that, if on February 7th Mr. Gibson for the defendant had filed a written motion to have the plaintiffs examined, that motion would have certainly constituted a pleading; but that Mr. Gates, by his response, made the written motion unnecessary.

Further, it is easy to see that when the parties agreed for the case to be set on February 17, 1958, subject to be reset, Mr. Gibson was certainly lulled into a feeling of security that the case would not be tried before February 17th. Under all the facts and circumstances in this case, Mr. Gibson's failure to file his answer until February 13th comes either under the heading of "excusable neglect", or "other just cause". At all events, we cannot say that the Trial Court was in error in refusing to strike the answer and in refusing to render a default.

Affirmed.

HARRIS, C. J., and GEORGE ROSE SMITH and JOHNSON JJ., dissent.

GEORGE ROSE SMITH, J., dissenting. The trial judge did not, as I read his opinion, make a finding of excusable neglect; his decision rested on a different ground. On February 13 the defendant had filed two pleadings, an answer and a motion to strike the complaint for want of verification. On February 17 the plaintiffs in turn filed two pleadings, a response to the motion to strike the complaint and a request for judgment by default. The trial court held that the plaintiffs, by responding to the defendant's motion to strike, had waived the defendant's delay in pleading to the complaint. I do not agree with the trial court's reasoning; but it seems unnecessary to discuss the point, since the majority have not adopted the lower court's position in the matter.

The majority opinion suggests two reasons for permitting the defendant to file his answer out of time. First, it is said that when the parties agreed for the case to be set on February 17, "Mr. Gibson was certainly lulled into a feeling of security that the case would not be tried before February 17th." Perhaps so, but how is that fact material? Under the statute the defense must be filed on the twenty-first day, and it makes no difference that counsel may know with certainty that the case cannot be tried for weeks or even months. The date of trial has nothing to do with the time for answering the complaint. By their intimation to the contrary the majority have most unfortunately unearthed the ghost of the very statutes that were repealed by Act 49 of 1955.

There is left only the majority's second suggestion, that Mr. Gates waived a compliance with the statute by agreeing that his clients might be examined without the necessity of the defendant's filing a written motion for such an examination. It seems plain enough that the defendant's oral motion would not alone have prevented a default judgment, because (a) our practice does not recognize oral pleadings, *Bachus* v. *Bachus,* 216 Ark. 802, 227 S. W. 2d 439; and (b) Act 53 of 1957 refers to the *filing* of an appearance or pleading, which undoubtedly contemplates a written instrument. It follows, then, that the sole basis for a finding of excusable neglect is the fact that Mr. Gates said that a written motion for a physical examination would be unnecessary. I find it impossible to believe either that Mr. Gates intended by his statement to grant an extension, which must have been indefinite as to time, for the filing of an answer, or that Mr. Gibson could excusably treat the statement of his adversary as an assurance that the defendant's answer need not be filed within the time allowed by law.

It is with regret that I record my disagreement with the majority; we all have an understandable aversion to holding that a litigant should suffer a default judgment on account of his lawyer's failure to file an answer promptly. But the defense offered no testimony what-

ever in response to the plaintiffs' motion for a default judgment. Thus there is nothing to show that the neglect was excusable, and in these circumstances I am not willing to say that the plaintiffs should be penalized because their attorney extended a commonplace professional courtesy to his opponent.

HARRIS, C. J., and JOHNSON, J., join in this dissent.