HUFFMAN *v.* CITY OF HOT SPRINGS.

5-3145                                               375 S. W. 2d 795

Opinion delivered March 2, 1964.

*Wootton, Land & Matthews,* for appellant.

*Robert D. Ridgeway, Earl J. Lane,* for appellee.

SAM ROBINSON, Associate Justice.    On March 12, 1962, appellant, Billy Huffman, was driving his automobile west on Alcorn Street in the City of Hot Springs.

When he reached Central Avenue he collided with an automobile owned by appellee, City of Hot Springs, and being driven by appellee, Bobby Digby, who, at the time, was a city policeman. Digby was answering a call to a corner on Central Avenue where someone had driven a car into the front of a store building. The City of Hot Springs and Digby filed this suit against Huffman, Digby alleging personal injuries and the City alleging damages to the automobile. The trial resulted in a judgment for the City in the sum of $142.00 for damages to the automobile, and Digby recovered a judgment in the sum of $9,000.00 for personal injuries. Huffman has appealed.

Appellant first argues that the trial court erred in sustaining a motion filed by appellees to strike a cross-complaint filed by appellant in which he asked for damages done to his automobile. The suit was filed by the City of Hot Springs and Digby on the 30th day of March, 1962. On the 17th day of April, appellant filed his answer but did not cross-complain. On May 25, a little over a month later, appellant filed a cross-complaint in which he asked judgment in the sum of $272.00 for damages to his automobile. About eight months later, on January 17, 1963, the cause came on for trial, and at that time the court sustained appellees' motion to strike the cross-complaint.

The trial court sustained the motion to strike the cross-complaint on the theory that Ark. Stat. Ann. § 27-1135 (Repl. 1962) requires the counterclaim be filed within 20 days from the date of the service of summons, and that here the claim was not filed for more than 30 days after the service of summons. As pointed out in *Easley v. Inglis,* 233 Ark. 589, 346 S. W. 2d 206, in this state, insofar as pleadings are concerned, there does not appear to be any valid distinction between a counterclaim and a cross-complaint.

Ark. Stat. Ann. § 27-1135 (Repl. 1962) provides: "A defendant to any complaint or cross-complaint must appear or plead either generally or specially the first day after expiration of the periods of time set forth below, as

the case may be: First. Where the summons has been served twenty (20) days in any county in the state; . . ."

Ark. Stat. Ann. § 27-1121 (Repl. 1962) provides: "The answer shall contain: . . . A statement of any new matter constituting a defense, counter-claim or set-off, in ordinary and concise language, without repetition. . . . In addition to the general denial above provided for, the defendant must set out in his answer as many grounds of defense [,] counter-claim or set-off, whether legal or equitable, as he shall have. . . ."

The construction placed on the statute by the trial court is too narrow. We have held that where a defendant answers without filing any preliminary pleading such as a demurrer or motion, the answer must be filed within 20 days from the service of summons. *Walden* v. *Metzler*, 227 Ark. 782, 301 S. W. 2d 439; *Pyle* v. *Amsler*, 227 Ark. 785, 301 S. W. 2d 441. Although those cases construed Acts 49 and 351 of 1955, the rule there announced is applicable to Act 53 of 1957, where, as here, the provisions added by the 1955 Act are not involved. *Interstate Fire Insurance Co.* v. *Tolbert*, 233 Ark. 249, 343 S. W. 2d 784. We have also held that the filing of a valid motion meets the requirements of the statute, and in cases of that kind a default judgment cannot be taken against the defendant although he has not actually filed an answer. *Stokenbury* v. *Stokenbury*, 228 Ark. 396, 307 S. W. 2d 894; *West* v. *Page*, 228 Ark. 13, 305 S. W. 2d 336; *Flippin* v. *McCabe*, 228 Ark. 495, 308 S. W. 2d 824.

If a defendant files a valid pleading within the prescribed time he has done all the statute requires. We pointed out in *Walden* v. *Metzler*, 227 Ark. 782, 301 S. W. 2d 439, that the purpose of the statute was to expedite litigation and prevent dilatory tactics. Of course after both parties are in court, the trial judge will not tolerate an unreasonable delay in disposing of the litigation. Here, the filing of the cross-complaint occasioned no delay whatever; it was filed on May 17 and the case did not come on for trial until about eight months later.

In many instances it would be wholly impractical to file a cross-complaint for personal injuries within the 20 day period in which the answer to the complaint must be filed. If the complaint is filed within a few days after the occurrence of the mishap giving rise to the cause of action, and this happens in many instances, the defendant may not know the extent of his injuries, or, for that matter, he may not know that he is injured at all.

Ark. Stat. Ann. § 27-1135 (Repl. 1962) provides that a defendant must either plead generally or specifically within a certain time. The filing of an answer meets the requirement of the statute, and there is no sound reason why a party should not be permitted to amend his pleading thereafter, provided, of course, such pleading is filed within a reasonable time. We have concluded that the motion to strike the cross-complaint should have been overruled.

During the course of the trial, the appellee, Digby, testified that he was not then working for the city; that he had been retired on pension because of the injuries he received in the collision in controversy. Appellant attempted to cross-examine Digby on the theory that he had been discharged by the city for misconduct. The trial court refused to permit counsel for appellant to cross-examine appellee Digby along that line. Counsel made it clear that he had reason to believe that appellee was discharged for misconduct. Counsel stated: "Your Honor, if allowed to ask the question we propose to ask on cross-examination, which is to ask the plaintiff, Bobby Digby, first; whether or not he is making any claim that his physical condition that he suffered as a result of this accident, whatever it may be, has any connection with his dismissal from the police force; and further, to ask the question whether or not he was discharged by the Civil Service Commission of the City of Hot Springs on the basis of misconduct. I believe the date of that being April 4, 1962. We think that both questions and anything from that that necessarily required questions are proper for several reasons. First, the question goes to the credibility. Second, it goes to the issue of damages

of what he may have lost, if anything, as a result of the accident. And further, if necessary, we would have the custodian of the records of the Civil Service Commission of Hot Springs testify, and those records will reflect that Bobby Digby was discharged on April 4, 1962, being subsequent to this accident, and that the Civil Service Commission records reflect that Bobby Digby was discharged after having been put on probation, and that the discharge was for misconduct on his part, which is clearly separate and apart and unrelated in any manner upon the accident upon which this lawsuit is based.''

Counsel should have been permitted to cross-examine appellee Digby as suggested. Wide latitude is permissible in cross-examining a party, who is to be treated as any other witness, to elicit facts contradicting his testimony given on direct examination or impeaching his credibility as a witness. *Peterson* v. *Jackson,* 193 Ark. 880, 103 S. W. 2d 640. It is said in 98 C. J. S. 125: ''The office of cross-examination is to test the truth of statements of a witness made on direct examination. Cross-examination serves as a safeguard to combat unreliable testimony, providing a means for discrediting a witness' testimony, and is in the nature of an attack on his truth or accuracy. The purpose of cross-examination, however, is not limited to bringing out a falsehood, since it is also a leading and searching inquiry of the witness for further disclosure touching the particular matters detailed by him in his direct examination, and it serves to sift, modify, or explain what has been said, in order to develop new or old facts in a view favorable to the cross-examiner. The object of cross-examination, therefore, is to weaken or disprove the case of one's adversary, and break down his testimony in chief, test the recollection, veracity, accuracy, honesty, and bias or prejudice of the witness, his source of information, his motives, interest, and memory, and exhibit the improbabilities of his testimony.''

Appellant further complains of the trial court's refusal to give the jury an instruction to the effect that appellees could not recover if the collision was due to an

unavoidable accident. In this case such an instruction would have been abstract, because there is no allegation in the pleadings and no evidence of an unavoidable accident. It is just a simple case of negligence; each side contending that the other negligently ran the traffic light when it was red, thereby causing the collision. In the circumstances, the court was not required to give an instruction on an unavoidable accident.

Reversed and remanded for new trial.