Samuel E. JONES and Blanche
JONES *v.* James P. SEWARD et al

78-219                                                    578 S.W. 2d 16

Opinion delivered March 5, 1979
(Division II)
[Rehearing denied April 2, 1979.]

*Dale W. Finley, Ike Allen Laws, Jr.* and *William S. Swain,* for appellants.

*Richard Peel,* for appellees.

FRANK HOLT, Justice. This appeal results from a decree holding that appellants and the appellees had agreed orally upon the location of a boundary line between their respective properties. Appellants contend the court's finding was against the preponderance of the evidence in that the alleged agreement did not contain the necessary elements to make it a binding agreement and that no agreement was shown to have been made by appellant Blanche Jones.

In order for there to be a valid boundary line agreement, certain factors must be present: (1) there must be an uncertainty or dispute about the boundary line; (2) the agreement must be between the adjoining landowners; (3) the line fixed by the agreement must be definite and certain; and (4) there must be possession following the agreement. *Bryson v. Dillon,* 244 Ark. 726, 427 S.W. 2d 3 (1968); and *Sherrin* v. *Coffman,* 143 Ark. 8, 219 S.W. 348 (1920).

Appellants and Gerald Ledford were adjoining property owners for several years. When Ledford decided to sell his property, a dispute arose as to the true boundary. Ledford had two surveys made. He testified that appellant Samuel Jones was present at the latter survey and agreed that it would constitute the correct boundary line and Ledford could sell his property up to that line. Ledford was corroborated by the surveyor. Approximately a year later, Ledford sold his

property to the appellees, using the agreed boundary as the true boundary line.

Even if we should agree with the appellees that the preponderance of the evidence establishes that (1) there was an uncertain or disputed boundary, (2) the line fixed by the agreement was made definite and certain by a survey, and (3) there was sufficient possession following the agreement, we cannot agree that the evidence is sufficient that appellant Blanche Jones, who jointly owns the property with her husband, agreed to the survey line as being the true boundary. It is true that in *Priddy* v. *Wood*, 245 Ark. 209, 431 S.W. 2d 744 (1968), we held without merit a wife's contention that she made no agreement about a boundary line. However, in doing so, we observed that it was obvious from the wife's testimony that she knew about the survey and about a garage being moved as a result of the survey. Further, we recognized that Ark. Stat. Ann. § 55-412 (Repl. 1971) provides that when a married woman permits her husband to have custody, control, and management of her separate property, there is a presumption he acts as her agent. We also said the arrangements for the sale of the property were apparently handled by her husband. He also secured the surveyor and assisted him. We do not consider that case controlling here.

In the case at bar there is a joint ownership of the property. There is no evidence that Mrs. Jones had ever permitted her husband to have the custody, control and management of any of her property. Neither is there any evidence that she was present during the survey, knew of its existence or acted in any manner indicating that she was in agreement that the survey constituted the agreed boundary. Since we hold that the true boundary line was not established by oral agreement, the issue remains unresolved. In this exceptional circumstance, we exercise our discretion and remand the cause without prejudice to either party to establish the true boundary line. *Fish* v. *Bush,* 253 Ark. 27, 484 S.W. 2d 525 (1972); *Fulwider* v. *Woods,* 249 Ark. 776, 461 S.W. 2d 581 (1971); and *Arnett* v. *Lillard,* 247 Ark. 931, 448 S.W. 2d 626 (1970).

Reversed and remanded.

228

We agree: HARRIS, C.J., and FOGLEMAN and HICKMAN, JJ.