Johnie BASSETT *v.*
CITY OF FAYETTEVILLE, ARKANSAS

84-65                                                      669 S.W.2d 1

Supreme Court of Arkansas
Opinion delivered May 14, 1984

*F. H. Martin*, for appellant.

*James N. McCord*, City Atty., for appellee.

RICHARD B. ADKISSON, Chief Justice. This appeal is from an order enjoining appellant, Johnie Bassett, from using property owned by him and zoned single family residential as a parking lot. Appellant's son operates a private club situated on property which adjoins that here in question. Patrons of the club park their vehicles upon appellant's adjoining property. The City of Fayetteville notified appellant of the zoning violation after which appellant applied to have the property rezoned to permit parking. This application was denied. The City of Fayetteville then initiated this suit seeking an injunction against appellant and his son to prohibit them from using or permitting the use of the property as a parking lot in violation of the zoning ordinances. The trial court dismissed the suit as to the son because he was not the owner or a tenant of the property, and no appeal was taken from this dismissal. However, appellant was enjoined from using the property as a parking lot following a finding by the trial court that although appellant did not actively invite the use of his property by others for a parking lot, he permitted and acquiesced in such use. On appeal we affirm.

At the outset appellant challenges the constitutionality of Ark. Stat. Ann. § 19-2829(h) (Repl. 1980) which confers jurisdiction upon the chancery court to grant an injunction for violation of a zoning ordinance. In so doing appellant alleges that this statute is in violation of the Constitution of Arkansas in that it enlarges the jurisdiction of the chancery court. Historically, courts of equity have had jurisdiction to grant relief when legal remedies are inadequate. *Arkansas Cotton Growers' Co-op Ass'n v.* Brown, 168 Ark. 504, 270 S.W. 946 (1925). In zoning enforcement cases the emphasis is on prevention rather than punishment; therefore, in such cases repeated prosecutions for violations of a zoning ordinance do not provide for an adequate remedy at law.

*Van Hovenberg* v. *Holman,* 201 Ark. 370, 144 S.W.2d 718 (1940). This statute does not enlarge jurisdiction of chancery courts by permitting the city to enjoin violations of zoning ordinances.

In his second point for reversal, appellant argues that silent and knowing acquiescence is not conduct prohibited by the ordinance. The ordinance provides:

> The owner . . . of any . . . premises or part thereof . . . who commits, participates in, or maintains such violation may be found guilty . . .

It is undisputed that a parking lot is not a use permitted by the zoning of this property. The sole question appears to be whether permitting others to use the property without actively inviting their use is prohibited by the ordinance. All persons having an interest in property are bound by the zoning of that property to the extent that they cannot "authorize, permit or require any use of it contrary to zoning." *McQuillin Mun. Corp.* § 25.14 (3rd Ed.) Therefore, appellant's knowing acquiescence in permitting the property to be used as a parking lot was a violation of the ordinance.

Appellant also argues that there is no support in the record for the findings by the chancellor that appellant provided an entry way to the property and that he prepared the property for vehicle parking. It is not necessary for us to reach this argument since the violation occurred by permitting the lot to be used for parking, and there is ample evidence to support this finding.

Also, appellant asserts that the trial court erred by admitting into evidence the attempt to rezone the property to permit parking. We agree that this evidence is irrelevant; however, we conclude that appellant could not have been prejudiced by the admission of this evidence.

The granting or denying of an injunction is a matter falling within the sound discretion of the trial court and its decision will not be reversed on appeal unless it is clearly

erroneous. *Riddell* v. *City of Brinkley,* 272 Ark. 84, 612 S.W.2d 116 (1981); Ark. R. Civ. P. 52(a).

Affirmed.