Tommy HIGGS and Patricia HIGGS
*v.* Virgil ANDERSON et al.

CA 84-225                                    685 S.W.2d 521

Court of Appeals of Arkansas
Division II
Opinion delivered March 6, 1985

*B. Michael Easley,* for appellant.

*W. Frank Morledge,* for appellee.

Tom Glaze, Judge. This appeal ensues from the trial court's enjoinder of the appellant's outdoor dog kennel business operation finding it a nuisance which would ultimately devalue appellees' properties. After the trial court enjoined their kennel operation, appellants, by motion, offered additional testimony supporting a proposition to reconstruct the kennel to eliminate any nuisance its operation caused. The trial court refused to consider appellants' testimony, stating that they could and should have presented such testimony at the earlier hearing. Here, appellants argue the trial court erred (1) in finding the evidence sufficient to show the kennel's operation devalued appellees' properties and (2) in refusing the testimony offered by appellants to show how they would eliminate any nuisance.

Appellants' argument for their first point is framed much too narrowly because whether appellees suffered a financial or property depreciation loss is not the sole issue. In fact, the Supreme Court in *Durfey* v. *Thalheimer,* 85 Ark. 544, 109 S.W. 519 (1908), recognized the general rule that a mere diminution in value of property, which can be fully and readily compensated in damages, will not supply grounds for an injunction, and the parties will be left to the redress afforded by an action for damages. After stating this rule, the court concluded:

> But, while this is true, it by no means follows that interference with the enjoyment of the property will not furnish grounds for relief by injunction, although the property itself may sustain no physical injury whatever. The right to enjoy property is as much a matter of legal concern as the property itself.

*Id.* at 554, 109 S.W. at 522.

Thus, for the appellants to prevail, we must decide the broader issue: Whether the appellants' operation of their

commercial, outdoor kennel was constructed or conducted in a manner that destroyed the comfort of persons owning and occupying adjoining premises, and therefore should be abated as a nuisance. *See Baker* v. *Odom,* 258 Ark. 826, 529 S.W.2d 138 (1975). Our Supreme Court has defined a nuisance as an interference with the use and enjoyment of land including conduct on property disturbing the peaceful, quiet and undisturbed use and enjoyment of nearby property. *Arkansas Release Guidance Foundation* v. *Needler,* 252 Ark. 194, 477 S.W.2d 821 (1972). Equity clearly will enjoin conduct that culminates in a private nuisance in fact when the resultant injury to the nearby property and residents is certain, substantial and beyond speculation and conjecture. *Id.* at 196, 477 S.W.2d at 822. In the instant case, there is little dispute that a nuisance resulted from appellants' existing outdoor kennel. A large number of witnesses for appellees presented exhaustive proof to support the trial court's finding that the appellants' open-air kennel with barking dogs seriously and unreasonably interfered with appellees' peaceful and normal enjoyment of their homes. Some of the relevant, supportive evidence presented by appellees can be gleaned from the following testimonial excerpts:

> "I could hear the dogs from inside my house . . . when my air conditioning was on."; "We planned to have a patio party for the little league ball team, and because of the noise [barking] and disruption we cancelled the party."; "We have changed our lifestyle in that we stay indoors now because of the noise."; "It just sounds like a war of dogs."; "We do not use our yard since the dogs have come."; "Yesterday, they woke us up at 5:07 a.m. and continued to bark almost until the time we got to school."

The appellees also presented expert and lay opinion testimony that properties located near appellants' business have depreciated in value due to the noisy operation of the outdoor kennel. Furthermore, witnesses testified that they had declined to build homes in the area because of the kennel's operation. From our examination of the record, we cannot say the trial court's finding the kennel a nuisance

was clearly against the preponderance of the evidence.

Appellants next argue that after enjoining its kennel business as a nuisance, the court should have granted their motion to present evidence on how they would eliminate the noise from the kennel. The trial court ruled that the case had been fully tried and in denying appellants' motion, it declared the evidence proffered by the appellants could and should have been presented earlier.

Appellants argue they offered no evidence at the earlier hearing regarding plans to enclose or soundproof their outdoor kennel because they were denying that any nuisance existed in the first place. Appellants submit that tactically and strategically they were in no position to suggest they would "noise proof" the kennel until after the trial court had determined the kennel operation should be enjoined as a nuisance. Appellants' foregoing arguments aside, we agree that the trial court granting the injunction in the first instance is always empowered to modify it. *Young* v. *Young,* 238 Ark. 929, 384 S.W.2d 469 (1965); *see also Green* v. *Smith,* 231 Ark. 94, 328 S.W.2d 357 (1959) (Supreme Court, considering appellant's arguments on appeal, remanded the cause for further proceedings and evidence to determine whether the trial court's enjoinder of a noisy chicken plant between 9:00 p.m. and 7:00 a.m. was correct.) Here, however, the trial court only enjoined the outside kennel operation; it did not proscribe the operation of an enclosed or indoor kennel.[1] The court, in its findings, did say it was "convinced that the objectionable conditions cannot be eliminated by restrictions or changes in the manner of conducting the outside kennel." We do not read the chancellor's finding to mean the noise could not be eliminated by converting the kennel into an indoor facility. No one contends a dog kennel is a nuisance *per se,* and from our review of the record, the trial court enjoined only the appellants' outdoor kennel because of the noise and disturbance it caused adjoining neighbors. If appellants can eliminate that noise, their

---

[1]The appellants also operate an indoor kennel used for grooming small dogs, but the trial court found no proof that this part of appellants' operation constituted a nuisance.

kennel would obviously no longer be a nuisance which required abatement.[2]

In conclusion, while we agree with appellants that the trial court has continuing jurisdiction to modify the injunctive relief it granted, we find it was unnecessary to do so here because the court enjoined only appellants' outdoor kennel operation, not their existing or proposed indoor kennel(s).

Affirmed.

CRACRAFT, C.J., and CORBIN, J., agree.

---

[2]In *Baker* v. *Odom*, 258 Ark. 826, 529 S.W.2d 138 (1975), the Supreme Court affirmed the trial court's enjoining of appellants' operation of a motorcycle dirt track but refused to uphold the lower court's order which prevented appellants from developing an automobile track. However, the Supreme Court cautioned appellants that in developing plans for an automobile track they did so at their own risk because a complainant is free to assert his rights thereafter in an appropriate manner if the contemplated use results in a nuisance.