SOUTHEAST ARKANSAS LANDFILL, INC.,
Arkansas County Waste Services, Inc., and
Gray Varnadore v. STATE of Arkansas,
Department of Pollution Control and Ecology

92-1360                                    858 S.W.2d 665

Supreme Court of Arkansas
Opinion delivered July 5, 1993
[Rehearing denied September 13, 1993.]

*Gibson Law Office*, by: *Charels S. Gibson* and *C.S. "Chuck" Gibson II*, for appellants.

*Winston Bryant*, Att'y Gen., by: *Charles L. Moulton*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Appellants Arkansas County Waste, Inc., and Southeast Arkansas Landfill, Inc., (SEAL) are Arkansas corporations owned by Appellant Gray Varnadore and by Lester Pinkus and several family members. Arkansas County Waste is a hauling company operating primarily from a rail spur near Stuttgart. Baled waste was received by rail car from Brooklyn, New York, and was off-loaded onto trucks and transported to SEAL where the bales were broken and landfilled with local trash.

In response to concerns over the environmental integrity of SEAL's landfill operation, and to numerous complaints regarding odors coming from the rail spur, the Attorney General and the Arkansas Department of Pollution Control and Ecology (ADPC&E)(Appellees) filed suit against SEAL on April 23, 1992. The complaint alleged that the defendant had violated provisions of the Arkansas Solid Waste Management Act, Ark. Code Ann. §§ 8-6-201—221 (Supp. 1991), and regulations promulgated thereunder, buy failing to inform the ADPC&E of SEAL's agreement to sell an existing portion of its outstanding stock to a third party, by failing to inform the ADPC&E that SEAL had substantially increased the volume of waste SEAL was disposing of in its landfill in violation of its permit, by failing to properly characterize its waste stream, by failing to properly monitor and protect the State's groundwater, and by storing its waste stream in such a manner as to constitute a public nuisance.

On April 28, 1992, the prosecuting attorney for Arkansas County, responding to complaints of noxious odors, filed suit against Arkansas County Waste, Inc., requesting emergency injunctive relief to abate the nuisance caused by Arkansas County Waste, Inc.'s operations. The trial judge temporarily enjoined Arkansas County Waste from operating the rail spur. No notice of the emergency relief was given to appellants, nor was

bond required for the injunction.

Appellants answered, generally denying the allegations as to permit, regulatory and statutory violations and affirmatively alleging a denial of equal protection as mandated by the United States Constitution. Appellants pled that other landfills created greater hazards and that appellants were being singled out because they were receiving out-of-state waste.

The two cases were consolidated and heard together on May 13, 1992. After testimony was presented and exhibits were introduced, the trial court found that SEAL was not in compliance with its permit and that the off-loading operation constituted a nuisance and potential health hazard. The trial court enjoined the operation for a period of 110 days so ADPC&E could investigate, test and assess the landfill. The court also ordered Arkansas County Waste's off-loading facility in Stuttgart closed, all boxcars removed and the site cleaned up by June 1. The injunction was granted without requiring the appellee to post bond. The results of the additional testing showed no contamination, and the test that showed the initial problem was found to contain error.

On appeal, appellants argue four points for reversal, none of which are persuasive.

I

The Trial Court Abused Its Discretion In
Finding That The Off-Loading Site Constituted
A Nuisance And A Potential Health Hazard

The trial court found "that the off-loading facility, as located and operated, constitutes a nuisance and a potential health hazard." Appellants argue that the trial court abused its discretion in making such a finding.

■ It is well settled that this court reviews chancery cases de novo on appeal and will not reverse the chancellor's findings unless clearly erroneous. *Clark* v. *Bank of Bentonville*, 308 Ark. 241, 824 S.W.2d 358 (1992); *Dudley* v. *Little River County*, 305 Ark. 102, 805 S.W.2d 645 (1991). We also give due regard to the chancellor's opportunity to judge the credibility of witnesses. *Nunley* v. *Orsburn*, 312 Ark. 147, 847 S.W.2d 702 (1993).

■ The granting or denying of an injunction is a matter falling within the sound discretion of the trial court and its decision will not be reversed on appeal unless it is clearly erroneous. *Warren* v. *Robinson*, 288 Ark. 249, 704 S.W.2d 614 (1986); *Bassett* v. *City of Fayetteville*, 282 Ark. 395, 669 S.W.2d 1 (1984). Such orders will not be disturbed on appeal unless they are contrary to some rule of equity, or the result of improvident exercise of judicial power. *Mills* v. *Patton*, 233 Ark. 755, 346 S.W.2d 689 (1961).

■ Nuisance is defined as conduct by one landowner which unreasonably interferes with the use and enjoyment of the lands of another and includes conduct on property which disturbs the peaceful, quiet, and undisturbed use and enjoyment of nearby property. *Milligan* v. *General Oil Co.*, 293 Ark. 401, 738 S.W.2d 404 (1987); *City of Newport* v. *Emery Et. Al.*, 262 Ark. 591, 559 S.W.2d 707 (1977). Equity clearly will enjoin conduct that culminates in a private or public nuisance where the resulting injury to the nearby property and residents is certain, substantial and beyond speculation and conjecture. *See Higgs* v. *Anderson*, 14 Ark. App. 113, 685 S.W.2d 521 (1985); *Ark. Release Guidance Foundation* v. *Needler*, 252 Ark. 194, 477 S.W.2d 821 (1972). The general rule is that in order to constitute a nuisance, the intrusion must result in physical harm (as distinguished from unfounded fear of harm) which must be proven to be certain, substantial, and beyond speculation and conjecture. *Miller* v. *Jasinski*, 17 Ark. App. 131, 705 S.W.2d 442 (1986).

The central issue is whether the evidence supported the trial court's finding that the rail spur off-loading constituted a nuisance because of its offensive odors from the site. Appellants claim the testimony does not support the trial court's finding and that only slight odor and inconvenience were proven. Appellants cite *Theil* v. *Cernin*, 224 Ark. 854, 276 S.W.2d 676 (1955) for the proposition that the operation of a business may be a nuisance in one locality and not in another. Appellants argue their activity was consistent with the character of the locale and must be conducted somewhere.

■ The appellees contend the appellants apply the wrong standard in this case and that they violate Ark. Sup. Ct. R. 9(d) by summarizing the testimony inadequately. Appellees also

note that it is well established that objectionable odors can constitute a nuisance and that a permanent decree enjoining the operation of certain facilities because of noxious odors is not too broad a remedy. For example, in *Ozark By-Products, Inc.* v. *Bohannon*, 224 Ark. 17, 217 S.W.2d 354 (1954), the trial court enjoined the operation of a rendering plant which processed and disposed of the offal of slaughtered chickens because the residents living near the plant claimed the plant emitted odors, attracted flies and was generally a nuisance. On appeal, this court held that the plan was not a nuisance *per se,* but was a nuisance because of the manner of operation. In the present case, although the off-loading of waste may not constitute a nuisance *per se,* the evidence indicates the appellants' method at the off-loading site rose to the level of a nuisance.

In *Flippin* v. *McCabe*, 228 Ark. 495, 308 S.W.2d 824 (1958), the chancellor enjoined the operation of four charcoal kilns after plaintiffs filed suit and a hearing was held. In affirming the chancellor's decision, we noted although the testimony of the numerous witnesses was highly conflicting, we could not say the chancellor's findings were against the preponderance of the evidence.

As in *Flippin*, there were conflicts in the testimony. Several witnesses testified regarding the character and classification of the waste and its odor, including nearby residents, appellants' employees, others who worked in the area, health department and ADPC&E personnel. There was testimony that boxcars of waste were being stored in the open for several days prior to being off-loaded at the SEAL landfill. There was evidence that this storage resulted in obnoxious odors at the site which, depending upon the direction of the wind, directly affected the surrounding community, businesses, residences located to the west, a residential subdivision located to the east, and especially a trailer park located approximately 75 feet from the rail spur. Notably, Kenny Burlison, an employee of appellants, testified that on a hot day, the odor at the site was like garbage odor. Also, the Carters, area worker Brown, and area worker Ball, who resided and worked near the off-loading site on a daily basis, all testified to highly noxious odors from the site. In addition, the mayor of Stuttgart testified that he had received numerous complaints about the odor.

■ Ms. Carter stated that she felt nauseated for five to eight minutes on one occasion because of the odor. There was no testimony of other serious or substantial injury, or that anyone had sought medical treatment and while the evidence regarding the odor was disputed, we defer to the chancellor's superior position to judge the credibility of the witnesses and weigh their testimony. Under the circumstances, we are not persuaded the chancellor's finding that the off-loading operation constituted a nuisance and a potential health hazard was clearly erroneous.

## II

### The Court Abused Its Discretion By Finding That Appellants' Landfill Posed A Risk of Serious And Irreparable Injury To The Environment

■ Appellants claim the trial court abused its discretion by temporarily enjoining their landfill operation for 110 days while personnel from the ADPC&E could investigate, test and assess the landfill and thereafter proceed administratively. We need not address this issue because the time has elapsed and we do not ordinarily decide issues which are moot. *Campbell* v. *State*, 311 Ark. 641, 846 S.W.2d 639 (1993). There are exceptions to the general rule, *See McKinney* v. *McKinney*, 305 Ark. 13, 805 S.W.2d 66 (1991); *Campbell* v. *State*, 300 Ark. 570, 781 S.W.2d 14 (1989), but we see no reason to apply them in this case. *Arkansas Intercollegiate Conference* v. *Parnham*, 309 Ark. 170, 828 S.W.2d 828 (1992).

## III

### The Trial Court Abused Its Discretion By Refusing to Make Specific Requested Findings

Appellants filed a Request for Findings and Conclusions pursuant to Ark. R. Civ. P. 52 requesting that the court make separate findings and conclusions with regard to eighty-four items of contended facts and issues of law. Appellants argue that the trial court refused to make separate findings and made findings of a vague and general nature.

Ark. R. Civ. P. 52(a) provides in part:

(a) Effect. If requested by a party, in all contested actions tried upon the facts without a jury, the court shall

find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58; and in granting or refusing interlocutory injunctions, the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action.

Appellants contend the rule requires the chancellor to make specific findings as requested by either party, that a litigant is entitled either to a direct answer regarding matters in contention below or a finding of immateriality. The appellees maintain appellants' argument is actually that the chancellor abused his discretion by failing to adopt appellants' findings of facts and conclusions of law, and that such a result is not contemplated under Ark. R. Civ. P. 52.

Other than its reference to Rule 52, appellants cite no authority in support of its argument. We have held that we will not consider a point raised on appeal where the appellant fails to cite authority or any convincing argument supporting the point. *See Barnes* v. *Barnes*, 311 Ark. 287, 843 S.W.2d 835 (1992). Moreover, appellants do not allege any specific flaws or omissions in the trial court's order, merely a dissatisfaction with its findings. In *Miles* v. *Southern*, 297 Ark. 274, 280-B, 760 S.W.2d 868 (1988), we stated that the trial court is not required to give detailed reasons for its action.

Although the trial court's findings could have been more detailed, we believe they adequately covered the issues. The court made nine findings and then clearly stated its orders. It would have been repetitive and nonproductive for the court to address all of the eighty-four proposed findings set out in appellants' request.

## IV

### The Trial Court Erred By Granting The Injunction And Allowing the State To Proceed Without Posting Bond

As a final point, appellants contend the trial court erred by granting a preliminary injunction and then continuing it for 110 days without requiring the state to post bond. Paragraph 9 of the trial court's order states:

That no bond will be required of the State of Arkansas in

this mater, its full faith and credit being sufficient to pay any damages which may be awarded. (TR. 141).

Appellants argue the apparent full faith and credit of the appellee in no way alleviates the necessity of posting bond. They cite Ark. R. Civ. P. 65(a)(2), which reads in part:

> . . . No such preliminary injunction or restraining order shall be effective until the party obtaining the injunction files his bond with the clerk, together with good and sufficient securities to be approved by the clerk, conditioned that the party enjoined such damages as he may sustain if it is finally decided that the injunction ought not to have been granted.

However, Ark. R. Civ. P. 65(d) specifically exempts the state from posting security ("No such security shall be required of the State of Arkansas or any officer or agency thereof"). This issue, too, is rendered moot by the lapse of time.

We conclude that the finding of the trial court that the off-loading site in Stuttgart constituted a nuisance and a potential health hazard was not clearly erroneous. Appellants' argument regarding the operation of the landfill is without merit because the temporary injunction has expired.

For the reasons stated the order appealed from is affirmed.