Jennings and Mitzi OSBORNE *v.* Arleta POWER,
Dick Wallace, Joe H. Smith, Dennis Lucy, Tom Fiser
and Catherine Cockrill

93-1303                                              890 S.W.2d 574

Supreme Court of Arkansas
Opinion delivered December 16, 1994

*The Perroni Law Firm, P.A.*, by: *Samuel A. Perroni*, for appellants.

*Wilson, Engstrom, Corum & Dudley*, by: *Gary D. Corum*, for appellees.

PER CURIAM. The Osbornes seek a motion for stay of mandate, stating their intentions to file a petition for a writ of certiorari to review this court's final decree. On December 5, 1994, this court, on de novo review, enjoined the Osbornes from placing a massive Christmas light display on and about their home. Following a comparable situation and case in Louisiana, we specifically directed the Osbornes to *reduce substantially* (1) the size and extravagance of the display at and about their home so the display will not attract large crowds to the residential neighborhood and (2) the volume of any sound accompanying the display so it is not audible from within the closest homes of neighbors.

The Osbornes' motion for stay alleges they intend to reassert their defense, rejected here, that the Religious Freedom Restoration Act of 1993, 42 U.S.C. § 2000bb (RFRA), prevents enjoinment of their Christmas lights as a common-law nuisance. They propose to raise the following three points under the RFRA:

(1) whether the RFRA allows a state court to substitute a common-law reasonableness nuisance standard for the compelling interest/least restrictive test prescribed by the RFRA;

(2) whether the interest in preventing traffic congestion is sufficiently compelling to justify enjoining the religious exercise of displaying Christmas lights; and

(3) whether this court's extremely broad and vaguely-worded injunction satisfies the least-restrictive means test of the RFRA.

As discussed in our December 5 opinion, we view this case as one involving a public and private nuisance, not religious beliefs, and the RFRA is simply not controlling. Nor do we find merit in the Osbornes' suggestion that the court's injunction is extremely broad and vaguely worded. This court's directives as reiterated above are clear and unambiguous and are the same as those applied in *Rodrigue* v. *Copeland*, 475 So.2d 1071 (La. 1985), where the parties evidenced no subsequent concerns as to what was meant by the Louisiana Supreme Court. In sum, massive commercial lighting displays generated by commercial transformers are not appropriate in quiet residential neighborhoods and violate express provisions of bills of assurances. We envision little merit in the foregoing points as a basis for an entitlement to certiorari.

For the foregoing reasons, we deny the Osbornes' motion for stay. We repeat that this court reviewed the cause de novo and enjoined the nuisance. While we believe the immediate injunction is short, concise and readily understandable, the parties may present any good faith inquiries to the chancellor to whom this case has been remanded for enforcement.