Jennings and Mitzi OSBORNE *v.* Arleta POWER, Dick Wallace, Joe H. Smith, Dennis Lucy, Tom Fiser and Catherine Cockrill

93-1303                                      890 S.W.2d 575

Supreme Court of Arkansas
Opinion delivered December 20, 1994

*The Perroni Law Firm. P.A.*, by: *Samuel A. Perroni*, for appellants.

*Wilson, Engstrom, Corum & Dudley*, by: *Gary D. Corum*, for appellees.

PER CURIAM. On December 5, 1994, this court, on *de novo* review, issued an injunction enjoining the Osbornes from placing a massive Christmas light display on and about their home. The trial court and this court determined the Osborne display was a private and public nuisance. This court directed the Osbornes to reduce substantially the size and extravagance of the display so it will not attract the large crowds that had been drawn to the neighborhood in the past. On December 13, 1994, the Osbornes sought a motion for stay of mandate, announcing their intentions to petition for a writ of certiorari with the Supreme Court. On December 15, 1994, the appellees, by response, opposed the Osborne motion, suggesting to this court an ominous course of conduct by the Osbornes and their representatives, indicating plans to willfully disobey the court's directives. We denied the Osborne motion for reasons set out by per curiam dated December 16, 1994. In denying that motion, this court retained jurisdiction of this cause. Among other things, this court's December 16, 1994 opinion stated the following:

> On December 5, 1994, this court, on *de novo* review, enjoined the Osbornes from placing a massive Christmas light display on and about their home . . . . we specifically directed the Osbornes to *reduce substantially* (1) the size and extravagance of the display at and about their home so the display will not attract large crowds to the residential neighborhood . . . Nor do we find merit in the Osbornes' suggestion that the court's injunction is extremely broad and vaguely worded. This court's directives as reiterated above are clear and unambiguous . . . In sum, massive commercial lighting displays generated by commercial transformers are not appropriate in quiet residential neighborhoods and violate express provisions of the bills of assurances . . . . we believe the immediate injunction is short, concise and readily understandable . . .

On December 19, 1994, appellees filed a motion for imposition of contempt sanctions, alleging that Jennings Osborne has deliberately disobeyed this court's injunction. Appellees set forth the following:

1. Scarcely twenty-four hours after this court's order dated December 16, 1994, the Osbornes' lawyer advised the media by fax message that the Osbornes would light their display. At approximately 7:30 p.m. on Saturday, December 17, 1994, the Osbornes applied electric power to a vast portion of the massive display they have continued to build on the property they own on Cantrell Road. The display remained in operation until after 11:00 p.m., attracting hordes of sightseers, even though there had been no advance notice to the public concerning the lighting of the display.

2. Beginning shortly after nightfall on Sunday, December 18, 1994, hundreds of cars and a large number of pedestrian sightseers began to assemble in the neighborhood near the Osborne property. At approximately 7:30 p.m., Jennings Osborne once again lighted massive displays located on his property on Cantrell Road. Although no advance notice was given to the public, more traffic congestion and large crowds of pedestrians resulted; with traffic backed up on Cantrell Road to Pavilion in the Park on the east and I-430 on the west.

3. Attached as exhibits to this Motion are affidavits of Lieutenant Jerry Smith, Arleta Power, and Tom Fiser, along with photographs and a videotape which verify the factual allegations set forth above.

4. The blatant and willful conduct of Jennings Osborne in deliberate disobedience of the injunction requires appropriate sanctions. Sanctions must be imposed to punish the premeditated defiance of the court's orders and to compel future compliance with those orders.

5. The court is requested to issue an immediate order directing the personal appearance of Jennings Osborne, for the sole purpose of determining that he did in fact light the massive displays on and about his property.

Considering appellees motion and allegations therein, appellant Jennings Osborne is hereby ordered to appear before this court at 9:00 a.m on December 27, 1994, to show cause why he should not be held in contempt of court for willfully disobeying this court's orders.