Jennings and Mitzi OSBORNE *v.* Arleta POWER,
Dick Wallace, Joe H. Smith, Dennis Lucy, Tom Fiser,
and Catherine Cockrill

93-1303                                              890 S.W.2d 577

Supreme Court of Arkansas
Opinion delivered January 9, 1995

*Samuel A. Perroni* and *John R. Pagan*, for appellants.

*Wilson, Engstrom, Corum & Coulter*, by: *Gary D. Corum*, for appellees.

PER CURIAM. On December 20, 1994, this court issued a per curiam order directing appellant Jennings Osborne to appear at 9:00 a.m. on December 27, 1994 to show cause why he should not be held in contempt for willfully disobeying this court's orders. On December 21, 1994, Mr. Osborne filed a motion ques-

tioning this court's jurisdiction to conduct a contempt hearing and alternatively seeking appointment by this court of a master to take evidence. Mr. Osborne also filed his petition for rehearing on December 21, raising ten points upon which he claims his rehearing petition should be granted. On December 22, 1994, appellees opposed the appointment of a master, and additionally requested that Osborne not be allowed to relitigate prior issues that already have or could have been litigated.

On December 27, 1994, the parties, represented by respective counsel, appeared at the show cause hearing as directed. On the same date, Mr. Osborne filed (1) a response denying he has ever willfully disobeyed any court order, (2) a motion to dismiss, alleging this court's orders of December 5 and 16, 1994 are vague and ambiguous and are non-final orders, (3) a motion for a disinterested prosecutor and a request for a jury trial and (4) a notice of withdrawal of Robert "Bob" Lowry as one of Mr. Osborne's counsel.

■■ Upon consideration of the parties' motions, affidavits, responses and arguments of counsel, we appoint the Honorable George Cracraft as a master to conduct an evidentiary hearing necessary for this court to decide whether Mr. Osborne, by the lighting of his Christmas display on December 17th, 18th and 19th of 1994, willfully disobeyed this court's prior December 5 and 12, 1994 orders. The master is empowered to proceed discretionally under ARCP 53 and consistent with this per curiam. The master is also directed to require both appellants and appellees to file a bond, to be approved by the clerk, to secure payment of costs adjudged against them incurred in taking and transcribing the proof including the fee of the master.

The master's evidentiary hearing is limited to determining (1) whether Mr. Osborne reduced substantially the size and extravagance of the display at or about the Osborne home to a level which would not attract the large crowds that had been drawn to the neighborhood in the past, (2) whether Mr. Osborne continued massive Christmas light displays on and about his home that are calculated to and do attract an unusually large number of visitors to the neighborhood and (3) whether Mr. Osborne reduced the volume of any sound accompanying the display so that it is not audible from within the closest homes of neighbors. Con-

sidering the foregoing factual issues, the master is given power to allow parties to produce evidence bearing on those terms set out in this court's December 5th and 16th orders in light of the specific allegations contained in the appellees' motion seeking contempt and Mr. Osborne's response, including, but not limited to, the comparative differences in the size, construction, and electrical energy used in the displays of 1993 and 1994, as well as the comparative foot and vehicular traffic involved.

Regarding Mr. Osborne's motions and petition for rehearing filed on December 21 and 27, 1994, appellees are given ten days from the date of this per curiam within which to respond. After that ten-day period, the court will take those legal issues under submission for decision. If any decision or ruling the court renders, concerning those motions, petition and responses, affects this per curiam, appointment of a master or the procedure set forth herein, the court will address any required changes upon making those rulings. If no changes are required by the court's rulings, the master shall proceed in the manner set forth hereinabove, and schedule a hearing so he may file a report of his findings no later than 45 days after the date this court decides the pending motions and petition and legal issues contained therein.

Special Justices WILLIAM S. ARNOLD and ERNIE WRIGHT join.

NEWBERN and BROWN, JJ., not participating.