Jennings and Mitzi OSBORNE *v.*
Arleta POWER, Dick Wallace, Joe H. Smith, Dennis Lucy,
Tom Fiser, Catherine Cockrill

93-1303                                                896 S.W.2d 905

Supreme Court of Arkansas
Opinion delivered May 8, 1995

*The Perroni Law Firm, P.A.*, by: *Samuel A. Perroni* and *John R. Pagan*, for appellants.

*Gary D. Corum*, for appellees.

PER CURIAM. On December 5, 1994, this court affirmed a ruling by the chancery court that appellants' Christmas light display constituted a nuisance where located. The opinion provided that the Osbornes were free to maintain an unrestricted display at an appropriate location, but issued an injunction directing them to substantially reduce the size and extravagance of the display located in their residential neighborhood. *Osborne* v. *Power*, 318 Ark. 858, 890 S.W.2d 570 (1994).

On December 16, 1994, this court denied a stay of the mandate. *Osborne* v. *Power*, 319 Ark. 52, 890 S.W.2d 574 (1994). On December 19, 1994, appellees filed a motion in which they alleged that appellant Jennings Osborne disobeyed the court's order by lighting massive portions of the display. Appellees asked that Jennings Osborne be held in contempt of court. In response this court ordered Jennings Osborne to appear and show cause why

he should not be held in contempt for willfully disobeying the injunction. *Osborne* v. *Power*, 319 Ark. 177, 890 S.W.2d 575 (1994). Jennings Osborne appeared and pleaded not guilty in the original action in this court.

On January 9, 1995, this court issued a per curiam order appointing The Honorable George Cracraft as a Special Master to hear the contempt matter. *Osborne* v. *Power*, 319 Ark. 239, 890 S.W.2d 577 (1995); *see also* ARCP Rule 53.

On January 23, 1995, a petition for rehearing on the merits of the original appeal was denied. Other motions, which are not material to this opinion, have been filed and ruled upon.

On March 31, 1995, the transcript from the contempt hearing was filed, and on April 4, 1995, the Master's report was filed. The Special Master reports that Jennings Osborne substantially reduced the size and extravagance of the display; that the 1994 display was not calculated to and did not attract unusual numbers of visitors to the neighborhood; that there was little or no sound generated by the display; and that all of Osborne's actions, if contemptuous, were taken on advice of counsel. Appellees filed a notice of appeal from the Special Master's report, and appellant Jennings Osborne moved to strike the notice of appeal. We treat the notice of appeal as an objection to the Special Master's report, *see* ARCP Rule 53(e)(2), and treat Jennings Osborne's motion to strike as a motion to strike the objection. We deny the motion to strike the objection. We will hear the objection and response thereto by briefs. The Clerk of the Court will notify the parties the dates their briefs are due. The request for oral argument is denied.

Jennings Osborne filed a motion with the Special Master asking that the contempt citation be dismissed on the ground that this court has lost jurisdiction of the contempt proceeding. We deny the motion.

The Special Master has filed a petition for allowance of fees. We grant the motion and fix the amount of fees at $3,500.00.

NEWBERN and BROWN, JJ., not participating.

Special Justices WILLIAM S. ARNOLD and ERNIE WRIGHT join in this per curiam.